# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2019

No. 19-30078
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

KENYATTA EDMOND,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:18-CR-91-1

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Kenyatta Edmond conditionally pleaded guilty to possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Having reserved his right to appeal the district court's denial of his motion to suppress, he contends: officers' warrantless search of his vehicle and inquiry regarding weapons on his person exceeded the permissible scope of a traffic stop under *Terry v. Ohio*,

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-30078

392 U.S. 1 (1968); and officers were required to advise him of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), prior to their questioning him about weapons on his person.

Regarding a ruling on a motion to suppress, legal conclusions are reviewed *de novo*; factual findings, for clear error. *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014) (citation omitted). Denial of the motion is affirmed "if there is any reasonable view of the evidence to support it". *United States v. Michelletti*, 13 F.3d 838, 841 (5th Cir. 1994) (en banc) (internal quotation marks and citation omitted).

A traffic stop's legality is examined under *Terry*'s two-pronged analysis: "whether the officer's action was justified at its inception"; and "whether the search or seizure was reasonably related in scope to the circumstances that justified the stop in the first place". *United States v. Grant*, 349 F.3d 192, 196 (5th Cir. 2003) (citations omitted). Edmond concedes the traffic stop was initially justified because he obstructed the flow of traffic, in violation of Louisiana Revised Statutes §§ 14:97(A) and 14:100.1(A).

Regarding the second prong, the officers knew Edmond had been holding a handgun before he exited his vehicle with empty hands. They also could have reasonably believed he was under the influence of alcohol or drugs; he had lost consciousness in an idling vehicle at a major intersection and appeared disoriented when he exited the vehicle. Accordingly, it was reasonable to pat him down to determine whether that handgun, or another weapon, had been secreted on his person.

Because the pat-down of Edmond's person was reasonably related to the safety of the officers and passing traffic, officers were also entitled to conduct a "pat-down" of his vehicle. *See United States v. Wallen*, 388 F.3d 161, 165–66 (5th Cir. 2004). Edmond's attempts to distinguish *Wallen* are unavailing.

No. 19-30078

Concerning his claim that the officers' handcuffing him obviated the need for a protective sweep, *Wallen* rejected that claim because the driver may be released, return to the vehicle, and have access to a weapon. *See id.* (citations omitted). To the extent Edmond asserts officers had already decided to arrest him when his vehicle was searched, which would preclude his returning to his vehicle, he provides no factual support for this assertion.

For Edmond's second claim, incriminating statements made during a custodial interrogation, prior to the issuance of the *Miranda* warnings, are generally inadmissible. *Missouri v. Seibert*, 542 U.S. 600, 608 (2004) (citations omitted). There is, however, a public-safety exception to *Miranda*, allowing admission of such statements "when a situation posing a threat to the public safety exists". *United States v. Lim*, 897 F.3d 673, 690 (5th Cir. 2018) (internal quotation marks and citation omitted), *cert. denied,* 139 S. Ct. 852 (2019). The officers knew Edmond, who appeared disoriented and possibly intoxicated, had previously possessed the handgun, and other vehicles were passing the scene.

AFFIRMED.